IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

DANA DICKENS,                             *
                                          *
        Plaintiff,                        *
v.                                        *
                                          *   No. 3:16-cv-00050-JJV
CAROLYN W. COLVIN,                        *
Acting Commissioner, Social Security      *
Administration,                           *
        Defendant.                        *

## MEMORANDUM AND ORDER

Plaintiff, Dana Dickens, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability benefits and supplemental security income. The Administrative Law Judge (ALJ) concluded Plaintiff had not been under a disability within the meaning of the Social Security Act. The Appeals Council denied Plaintiff's request for a review, making the ALJ's decision the final decision of the Commissioner.

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, a court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. A court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute.  Therefore, they will not be repeated in this opinion except as necessary.  After careful consideration of the record as a whole, I find the decision of the Commissioner is supported by substantial evidence

In support of her Complaint, Plaintiff argues the ALJ erred by not giving more weight to the opinions of her treating doctor, Vonda Gale Houchin, M.D.  (Doc. No. 11 at 34-37.)  Plaintiff is correct that her treating doctor should generally be given great deference.  But after a close review of the record, I find that ALJ could properly discount her opinions.

Dr. Houchin has provided numerous opinions stating Plaintiff is *extremely* limited.  (Tr. 460-62, 515-520.)  But it appears Dr. Houchin has overstated Plaintiff's limitations, given her overall treatment notes.  The Commissioner correctly points out that Dr. Houchin consistently reports unremarkable physical examination findings.   This greatly undercuts Dr. Houchin's credibility when she also concludes Plaintiff has extreme physical limitations.  (Tr. 519-520.)

Plaintiff makes a good point regarding the regular "boilerplate" language in Dr. Houchin's treatment notes saying Plaintiff "doing well with minor complaints."  But the Commissioner also makes a compelling point that Dr. Houchin did not always include this language - particularly when Plaintiff was not doing well.

The ALJ clearly was puzzled by the inconsistencies presented by Dr. Houchin.  (Tr. 52-54.)  He gave Plaintiff and her counsel every opportunity to explain these inconsistencies.  (*Id.*)  Plaintiff is reminded she bore the burden of proving disability.  *Baumgarten v. Chater*, 75 F.3d 366, 368 (8th Cir. 1996.)  Here, she has not met this burden.

Ordinarily the ALJ must give great weight to the opinion of a treating physician.  But in this case, the ALJ considered this evidence and gave an appropriate explanation for discounting Dr.

2

Houchin's opinions.

I am sympathetic to Ms. Dickens's claims. There is evidence she has limitations related to her impairments - especially her anxiety. But the ALJ's finding that she could perform a limited range of sedentary work during the relevant time period is supported by the record. *Davis v. Apfel*, 239 F.3d 962 (8th Cir. 2001) ("We may not reverse merely because substantial evidence also exists that would support a contrary outcome, or because we would have decided the case differently.") It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion: of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final determination of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

SO ORDERED this 29th day of July, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

3